### FRAZER v. PEOPLE.

(*Surrogate's Court, Kings County.* July, 1888.)

1. DESCENT AND DISTRIBUTION—COLLATERAL INHERITANCE TAX—PROCEEDINGS TO ENFORCE—COSTS.

Laws N. Y. 1887, c. 713, § 4, relating to the collateral inheritance tax, provides that, if the tax is paid within 18 months after the death of decedent, no interest shall be charged thereon. Section 17 authorizes a citation to show cause why the tax should not be paid, to issue after neglect or refusal to pay it. *Held,* that the estate is not liable for costs in proceedings instituted before the expiration of the 18 months, though the citation is also to show cause why the tax shall not be ascertained.

2. SAME—APPRAISEMENT—DUTY OF EXECUTOR.

Section 13 of the act authorizing the surrogate to cause appraisement to be made for ascertaining the amount of the tax, does not relieve the executor from the duty of applying for appraisement for the same purpose, and the tax is none the less due because the surrogate has not caused an appraisement to be made.

Application for costs of proceedings on citation of Jennie Frazer and another, executrices, to show cause why the collateral inheritance tax on the estate of Susan F. Frowe, deceased, should not be paid. The collateral inheritance tax act (Laws N. Y. 1887, c. 713) in section 17 authorizes a citation to show cause, etc., after the refusal or neglect of the persons interested in the property liable to said tax to pay the same.

*Jas. W. Ridgway,* Dist. Atty., for the application. *Jackson & Burr,* for executrices.

LOTT, S, The testator died November 27, 1886, leaving personal estate subject to the tax imposed by chapter 483, Laws 1885. By the will of decedent an estate for life in all the property of the testatrix was bequeathed to Eliza-

---

[1] A clause in a will bequeathing property to a person "to use and appropriate for religious and charitable purposes and objects, in such sums and in such manners as will, in his judgment, best promote the cause of Christ," is void for uncertainty, and the property passes to the testator's heirs or next of kin. Maught v. Getzendanner, (Md.) 5 Atl. Rep. 471. But in Appeal of Seibert, (Pa.) 6 Atl. Rep. 105, a bequest to the pastor at a certain place, "for masses for the repose of my soul, and the repose of the souls of my relatives, and the repose of the souls of the faithful of my parish," was held valid. And in Hinkley v. Thatcher, (Mass.) 1 N. E. Rep. 840, a bequest to missionary societies "to aid in the propagation of the holy religion of Jesus Christ" was held good as a charity. A bequest of money, "in trust for the benefit of" a certain Catholic church, with a direction that "service shall be held in said church yearly," is not void because of the latter clause. Seda v. Huble, (Iowa,) 39 N. W. Rep. 685.

beth F. Frazer, with remainder to certain legatees. On April 17, 1888, the tax remained unpaid, and, on the application of the district attorney of Kings county a citation was issued, requiring the personal representatives of the decedent to show cause why the value of the property subject to said tax should not be fixed and ascertained, and to show cause why said tax should not be paid. It is claimed in opposition to that application that "no order was made, assessing the estate for the purpose of taxation, as required in the case of an outstanding life-estate, until May 17, 1888. On May 23, 1888, and within 18 months after the death of the testatrix, the tax was paid. Prior to that, as has been stated, a citation had been issued on the application of the district attorney, and the service thereof made; and the sole question in the case now is: Is the estate liable for the costs in this matter? or, in other words, whether these proceedings were prematurely taken. It is claimed for the personal representatives of the decedent that until the surrogate, upon the report of the appraiser, has assessed and determined the value of the estate for the purpose of taxation, pursuant to section 13, c. 713, Laws 1887, the tax is not due and payable, and, the appraisment not having been made until after these proceedings were instituted, no default had been made. The answer to this is that it is primarily the duty of the executor to apply for such appraisment, so that he may ascertain and pay the tax. The power given to the surrogate, of his own motion to cause appraisement to be made and to fix the tax, was not intended to relieve the personal representatives from their duty in the matter. I think that section 4 of the act of 1887, read with its other provisions, indicates the intention to be that, while the tax was due and payable from the death of the decedent for some purposes,—among others, that proceedings may be had to appraise and ascertain the value of the estate subject to the tax, and the amount of the tax, and that interest may be charged from the death of decedent in case the tax is not paid within 18 months thereafter, —yet, as the section referred to provides that if the tax is paid within 18 months no interest shall be charged and collected thereon, it would seem that no proceedings can be instituted to enforce the payment of the tax within the 18 months. See *Re Estate of Astor*, 20 Abb. N. C. 405-415. It was intended, I believe, to enable the representatives of the decedent, under many contingencies which may arise in the settlement of the estate, to ascertain the amount of the tax; and for that purpose time may be necessary, to determine the indebtedness of the decedent, and the like. It is claimed by the district attorney that the citation in this matter is to show cause "why the tax should not be ascertained," as well as why it should not be paid. That is so; but I do not think costs may be awarded, except "after the refusal or neglect of the persons interested in the property liable to said tax to pay the same." Laws 1887, c. 713, § 17. For the reasons I have stated, this matter is dismissed, without costs to either party. The question appears to be new. No authority in point has been cited by either party. I think there was probable cause for citation, and taking this proceeding, and will give a certificate to that effect upon request. See Laws 1887, c. 713, § 19. Matter dismissed.